The Honorable M. Olin Cook State Representative 266 South Enid Avenue Russellville, AR 72801
Dear Representative Cook:
You have requested an Attorney General opinion concerning retirement benefits for fire fighters. I am issuing the following opinion in response to your request.
Your specific questions are:
 (1) What constitutes the base salary when figuring retirement benefits for a full-time fire department employee?
(2) Is the holiday pay considered part of the base pay?
 (3) Are certificates for additional training considered part of base pay?
(4) Are education payments considered part of the base salary?
 (5) Are the overtime or FLSA figures considered part of the base salary?
RESPONSE
Question 1 — What constitutes the base salary when figuring retirementbenefits for a full-time fire department employee?
This question is directly addressed by A.C.A. § 24-11-818, which states in pertinent part:
 (a)(1)(A) As used in this section, unless the context otherwise requires, the term "salary" shall mean recurring pays which are received for the fire fighter's regularly scheduled workweek and shall not include, except as otherwise provided in subdivision (a)(1)(B) of this section, payments for unused accrued sick leave or annual leave or the cash value of any nonrecurring or unusual remunerations.
 (B)(i) The term "salary" may include the payments to fire fighters for unused accrued sick leave not to exceed ninety (90) workdays recorded on the records of the city or town as of the fire fighter's date of retirement, provided the municipality agrees, by ordinance, to make adequate contributions to the fund to cover the additional costs for the benefits from the increased salary and the fund is judged by an actuarial determination to be actuarially sound. (ii) The board of trustees shall determine the actuarial costs of the payments for the unused accrued sick leave to the fund.
A.C.A. § 24-11-818(a)(1).
The Arkansas Fire and Police Pension Review Board, which is statutorily authorized to enact rules and regulations for local pension funds, see
A.C.A. § 24-11-203(j), has further elaborated upon the meaning of the term "salary" for purposes of benefit calculation. The Board's Rule 7 states: "On and after June 28, 1985, the term "salary," as used for purposes of pension deductions and computation of benefits shall mean line-item salary, education or "certificate" pay, annual and holiday pay, and longevity pay."
Question 2 — Is the holiday pay considered part of the base pay?
Assuming that you are referring to legal holidays, it is my opinion that holiday pay should be considered part of the fire fighter's "salary" for purposes of calculating retirement benefits, if the city has chosen to include this pay within the fire fighter's base salary.
This interpretation is required by A.C.A. § 14-53-106, which states:
 (a) All fire fighters employed by cities of the first or second class or incorporated towns shall be compensated for all legal holidays established by the governing body of the municipality.
 (b) This compensation shall be based on the fire fighter's daily rate of pay and in addition to the regular pay schedule.
 (c) This compensation may be included within the fire fighter's base pay.
 (d) This compensation shall be prorated and paid during the regular payroll periods or paid in one (1) lump sum annually on a date in December designated by the municipality.
A.C.A. § 14-53-106 (emphasis added).
Although the above-quoted statute clearly requires that fire fighters be paid for legal holidays that have been established by the municipality, it appears to leave to the city's discretion whether to include this pay as a part of the fire fighter's base salary. Section (c) uses the word "may," which has been interpreted by the Arkansas Supreme Court to reflect a legislative intent that the action described be optional rather than mandatory. Jones v. Abraham, 341 Ark. 66, 15 S.W.3d 310 (2000).
If, therefore, the city has opted to include holiday pay in its fire fighters' base salaries, it will be deemed a part of his/her "salary" for purposes of calculating retirement benefits under A.C.A. § 24-11-818.Accord, Op. Att'y Gen. No. 98-158. If the city has not opted to include the pay in its fire fighters' base salaries, it should not be deemed a part of their salaries for purposes of calculating retirement benefits.
Question 3 — Are certificates for additional training consideredpart of base pay?
It is my opinion that the answer to this question will depend on the particular facts of the situation. In particular, it will be necessary to consider exactly what the "certificate" is, and whether it entitles the fire fighter to additional regular pay, or whether it is a one-time, contingent payment. If the certificate entitles the fire fighter to additional regular pay for the regularly scheduled workweek, the additional pay may indeed be part of the fire fighter's "salary" for purposes of calculating retirement benefits. However, if the certificate is contingent in nature, and merely entitles the fire fighter to a one-time, special payment, it would likely constitute an "unusual nonrecurring remuneration." These are questions of fact.
I must note that the Arkansas Fire and Police Pension Review Board, in enacting Rule 7, quoted previously, has assumed that "certificate" pay is additional regular pay for the fire fighter's regularly scheduled work week. Again, the Board's Rule 7 states: "On and after June 28, 1985, the term "salary," as used for purposes of pension deductions and computation of benefits shall mean line-item salary, education or " certificate"
pay, annual and holiday pay, and longevity pay." (Emphasis added.) If the Board's factual assumption is correct, and the "certificate" pay is, in fact, additional regular pay for the fire fighter's regularly scheduled work week, it should be deemed "salary" for purposes of calculating retirement benefits.[1]
Question 4 — Are education payments considered part of the base salary?
Again, the answer to this question will depend on the facts of the situation, and specifically upon whether the education payments are contingent in nature, or are increments to the fire fighter's regular recurring pay for the regularly scheduled work week. As indicated previously, the Arkansas Fire and Police Pension Review Board's Rule 7 appears to assume that education payments are, in fact, increments to the fire fighter's regular recurring pay for the regularly scheduled work week. If this factual assumption is correct, the education pay should be considered "salary" for purposes of calculating retirement benefits.[2]
Question 5 — Are the overtime or FLSA figures considered part ofthe base salary?
The answer to this question will depend upon the nature of the overtime or FLSA compensation. If the overtime/FLSA compensation is paid as a part of the fire fighter's regular, recurring salary, for a regularly scheduled workweek that regularly includes a certain amount of overtime, the compensation should be considered part of the fire fighter's salary for purposes of calculating retirement benefits. However, if the overtime/FLSA compensation is paid for occasional, non-regular overtime work, it should not be considered part of the fire fighter's salary. Again, this conclusion is based on the plain language of A.C.A. §24-11-818. Accord, Op. Att'y Gen. No. 93-054.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that the Board's Rule 7 also states: "If a pension is being computed on a salary year prior to June 28, 1985, the local Board of Trustees shall determine by Board regulation what shall constitute `compensation.'" Thus, calculations based on salary years prior to June 28, 1985 may be impacted.
[2] See Footnote 1.